IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TYLER BROWN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 6:23-CV-00474-ADA-DTG |
| NIKOLAY MUZYKA, et al, | § § § | |
| Defendants. | § § | |

REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 35)

TO: THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the defendants', Nikolay Muzyka, Aleksei Dulepin, and Amload LLC's, motion for partial summary judgment (Dkt. No. 35). The motion has been fully briefed,[1] and the Court finds that a hearing is unnecessary. After carefully considering the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the defendants' motion for partial summary judgment be **GRANTED**.

---

[1] Both parties are reminded that Local Rule CV-10(a), titled "Form of Pleadings," requires footnotes to be 12-point or larger font and double-spaced unless they are more than two lines long.

## I.     BACKGROUND

This case involves a rear-end collision between the plaintiff's sedan and a sprinter van driven by one of the defendants. Dkt. No. 1-1 at 8. On July 29, 2021, Defendant Nikolay Muzyka was driving the sprinter van in the far right lane of Interstate 35 when he saw lights from emergency vehicles ahead. Dkt. No. 35-1 at 3, 4 (Accident Report); Dkt. No. 67-10 at 3, 4 (same). Defendant Muzyka began to slow down and moved over two lanes into the far-left lane. Dkt. No. 67-10 at 3, 4. Plaintiff Tyler Brown, who was driving in the far-left lane, collided with the sprinter van causing both cars to turn facing oncoming traffic. *Id.*

At the time of the accident, Defendant Aleksei Dulepin owned the sprinter van and leased it to Defendant Amload LLC. Dkt. No. 35-5 (Vehicle Leasing Agreement). It is undisputed that Defendant Muzyka was operating the sprinter van in the course and scope of his employment with Amload at the time of the accident. *See* Dkt. No. 35 at 3–4 (stipulating to course and scope). The plaintiff sued Defendant Muzyka for negligence and negligence per se. Dkt. No. 1-1. The plaintiff also asserts claims of negligent entrustment, hiring, and retention, vicarious liability, and gross negligence against Defendants Dulepin and Amload. *Id.*

## II.     ANALYSIS

The defendants' motion is governed by Rule 56 of the Federal Rules of Civil Procedure. That rule requires a court to grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Meadaa v. K.A.P. Enters., LLC*, 756 F.3d 875, 880 (5th Cir. 2014). Substantive law determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The defendants, as the movants, bear the initial

burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the defendants meet their burden, the plaintiff must come forward with specific facts that establish a genuine issue for trial. *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (quoting *Allen v. Rapides Par. Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012).

**A. The Court should grant summary judgment for Defendant Dulepin on all claims.**

Defendant Dulepin requests that the Court grant summary judgment in his favor for two reasons. Dkt. No. 35 at 5. First, he argues that the plaintiff's vicarious liability, gross negligence, and negligent hiring and retention claims fail because he never hired or employed Defendant Muzyka. *Id.* Second, Defendant Dulepin argues that the plaintiff's negligent entrustment claim against him fails because the sprinter van was leased to Defendant Amload when the accident occurred. *Id.* The Court agrees.

    **i. Defendant Dulepin cannot be vicariously liable.**

The Court finds as a matter of law that Defendant Dulepin cannot be vicariously liable for Defendant Muzyka's negligence. To survive the defendants' motion for summary judgment on her vicarious liability claim against Defendant Dulepin, the plaintiff bears the burden of proving that Defendant Muzyka was (1) an employee of Defendant Dulepin's and (2) acting in the course and scope of this employment at the time of the accident. *See Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 138 (Tex. 2018) (requiring the plaintiff to satisfy a two-step process of showing the worker was an employee and was acting in the course and scope of his employment to prove an employer's vicarious liability). The defendants contend that Defendant

Dulepin cannot be vicariously liable for Defendant Muzyka's negligence because Defendant Muzyka was not employed by Defendant Dulepin. Dkt. No. 35 at 5–6. The plaintiff does not contest that Defendant Muzyka was employed by Defendant Amload, not Defendant Dulepin. It is therefore undisputed that Defendant Muzyka was not an employee of Defendant Dulepin at the time of the accident.

Because there is no evidence that Defendant Muzyka was employed by Defendant Dulepin when that accident occurred, there is no genuine dispute as to a material element of the plaintiff's vicarious liability claim against Defendant Dulepin. The undersigned therefore **RECOMMENDS** that the Court grant summary judgment for Defendant Dulepin on this claim.

### ii. Defendant Dulepin cannot be grossly negligent.

The plaintiff asserts a gross negligence claim against Defendant Dulepin because he "hired [Defendant] Muzyka despite his extensive driving history" and "had actual subjective awareness that Defendant Muzyka had been involved in multiple collisions prior to the collision at issue in this suit." Dkt. No. 1-1 at 7. Because the plaintiff's gross negligence claim is based on a theory of negligent hiring or retention and it is uncontested that Defendant Dulepin did not hire or employ Defendant Muzyka, the plaintiff's gross negligence claim fails as a matter of law. *See Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 648 (explaining that an employer is liable for negligent hiring, retention, or supervision if it hires an incompetent employee, when the employer knows or should have known the employee was incompetent). The undersigned therefore **RECOMMENDS** that the Court grant summary judgment on the plaintiff's gross negligence claim in favor of Defendant Dulepin.

### iii. Defendant Dulepin cannot be liable for direct negligence.

Defendant Dulepin cannot be liable for negligent entrustment, hiring, or retention because there is no genuine dispute for trial on these direct negligence claims. As explained above, the plaintiff cannot maintain her negligent hiring and retention claims against Defendant Dulepin without evidence that he hired Defendant Muzyka. The plaintiff's negligent entrustment claim likewise fails because Defendant Dulepin did not entrust the sprinter van to Defendant Muzyka. Dkt. Nos. 35 at 10 & 35-5. Negligent entrustment requires the entrustment of a vehicle by the owner to an unlicensed, incompetent, or reckless driver. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007). At the time of the accident, Defendant Dulepin leased the sprinter van to Defendant Amload. Dkt. No. 35-5 at 1–2 (defining the term of the lease as twenty-four months beginning on January 1, 2021). Under Texas law, "lessees of vehicles generally assume complete responsibility for the operation of the leased vehicles for the duration of the lease." *McDorman v. Texas-Cola Leasing Co. LP, LLLP*, 288 F. Supp. 2d 796, 802 (N.D. Tex. 2003) (citations omitted).

The plaintiff does not dispute that Defendant Dulepin did not entrust the van to Defendant Muzyka, but instead focuses on Defendant Amload. The plaintiff attempts to argue that Defendant Dulepin negligently entrusted his sprinter van to Defendant Amload despite knowing that Amload violated the Federal Motor Carrier Safety Act. Dkt. No. 67 at 7–9. This argument is unsupported by the plaintiff's pleadings. *See* Dkt. No. 1-1 at 11 (alleging that Defendant Dulepin entrusted the sprinter van to Defendant Muzyka despite knowing Defendant Muzyka was unfit to operate the vehicle). The Court therefore will not address this argument. *See Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (holding that the district court properly considered only the appellant's claims raised in the complaint when

granting summary judgment against the appellant (citation omitted)). The plaintiff further asserts without support that the lease may not be valid. Dkt. No. 67 at 6. To survive the motion for summary judgment, the plaintiff must offer evidence establishing beyond mere speculation that there is genuine dispute that Defendant Dulepin entrusted the sprinter van to Defendant Muzyka. Because the plaintiff has not done so, the undersigned **RECOMMENDS** that the Court grant summary judgment for Defendant Dulepin as to all of the plaintiff's direct negligence claims—negligent hiring, retention, and entrustment.

**B. The Court should grant summary judgment for Defendant Amload on the plaintiff's gross negligence and direct negligence claims.**

The plaintiff similarly asserted direct negligence claims against Defendant Amload for negligent hiring, retention, and entrustment. Dkt. No. 1-1 at 9. The plaintiff also asserted gross negligence against Defendant Amload for hiring Defendant Muzyka "despite his extensive driving history" and for continuing to employ him as a driver despite Amload's subjective awareness that doing so posed an extreme risk to the safety of other motorists and pedestrians. *Id.* at 11–12.

   **i. Defendant Amload cannot be held liable for gross negligence.**

To be grossly negligent, the plaintiff must show Defendant Amload authorized or ratified an agent's gross negligence, committed gross negligence through the actions of a vice principal, or was grossly negligent in hiring an unfit agent. *See Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998) (requiring clear and convincing evidence that the corporate defendant itself committed gross negligence).

There is no evidence that Defendant Amload authorized an agent's gross negligence. The plaintiff does not allege gross negligence against Defendant Muzyka. There is also no evidence

that Defendant Muzyka was a vice principal for Defendant Amload. *See id.* at 922. (explaining that corporate officers, persons with authority to employ, direct, and discharge other employees, those who perform the corporation's nondelegable duties, or those responsible for management of the corporation are vice principals). Even assuming Defendant Dulepin was a vice principal, for the reasons explained above Defendant Dulepin did not commit gross negligence. This leaves only one basis for the plaintiff's gross-negligence claim—that Defendant Amload was grossly negligent in hiring an unfit agent. But the defendants argue, and the Court agrees, that there is no evidence that Defendant Muzyka was unfit or that Defendant Amload was negligent in hiring him. *See* Dkt. No. 35 at 12.

Before this accident, Defendant Muzyka was only involved in two car accidents. The first was a single-vehicle property damage incident caused by bad weather conditions, and it occurred before Defendant Muzyka was hired by Defendant Amload. Dkt. No. 35-4 at 6 (Exhibit D at 36:5–25). The second accident occurred while Defendant Muzyka was employed by Defendant Amload. The only summary judgment evidence about this second accident indicates that the other driver was under the influence and was operating his vehicle in an unsafe manner causing Defendant Muzyka to collide with him. *Id. a*t 6–7 (Exhibit D at 32:6–34:2). Additionally, Defendant Muzyka had a valid driver's license and a single speeding ticket when he was hired by Defendant Amload. *See* Dkt. No. 35-3 at 2-3 (Exhibit C – New Jersey Driver License). This evidence is not enough to create a genuine dispute that Defendant Muzyka was an unfit driver.

Rather than offering evidence that Defendant Muzyka was unfit, the plaintiff instead attempts to argue that Defendant Amload was grossly negligent in violating the Federal Motor Carrier Safety Act. Dkt. No. 67 at 11–12. The Court is not persuaded by the plaintiff's argument. The plaintiff fails to demonstrate the Federal Motor Carrier Safety Act applies here. *Compare*

Dkt. No. 67-4 (showing the sprinter van had a gross vehicle weight of 8550 pounds) *with* 49 C.F.R. § 390.5 (defining a commercial motor vehicle as having a gross vehicle weight of 10,001 or more pounds). For these reasons, the plaintiff's gross negligence and negligent hiring and retention claims fail, and the undersigned **RECOMMENDS** that the Court grant summary judgment for Defendant Amload.

## ii. Defendant Amload's direct negligence, if any, is irrelevant under the Court's previous rulings.

Unlike the plaintiff's gross negligence and negligent hiring and retention claims, the defendants do not attack the factual sufficiency of the plaintiff's negligent entrustment claim against Defendant Amload. Rather, the defendants attack this claim as unsustainable as a matter of law. The defendants argue that the direct liability claims against Defendant Amload are improper under the respondeat superior admission rule. Dkt. No. 35 at 13.

Some courts applying Texas law, including this Court, have held that where an employer assumes liability for the employee's alleged negligence, any direct negligence by the employer is irrelevant. *See, e.g., Fraizer v. U.S. Xpress, Inc.*, No. 6-19-CV-00557-ADA-JCM, 2020 WL 4353175, at *3 (W.D. Tex. July 29, 2020) (Albright, J.) (granting summary judgment on a claim of direct liability against employer where the employer stipulated to liability for the employee's negligence). "Where only ordinary negligence is alleged, the case law supports [the defendants'] contention that negligent hiring or entrustment and respondeat superior are mutually exclusive modes of recovery." *Rosell v. Cent. West Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App.—Dallas 2002, no pet.) (citation omitted). While the plaintiff alleges gross negligence against Defendant Amload, the undersigned finds that the gross negligence claim fails as a matter of law leaving the vicarious liability and ordinary negligence claims against Defendant Amload. Other

courts in this district have addressed the defendant's argument, including the lack of a Texas Supreme Court case on point and the uncertainty noted by the Texas Pattern Jury Charge 10.12 comments. *Medina v. Cont. Freighters, Inc.*, No. 5:21-CV-1224-DAE, 2023 WL 9503469, at *3-4 (W.D. Tex. Dec. 7, 2023) (discussing the respondeat superior admission rule and finding its application appropriate). In light of this Court's rulings in *Fraizer* and *Medina*, however, the undersigned **RECOMMENDS** granting summary judgment for Defendant Amload on the plaintiff's direct negligence claims.

**C. The Court should grant summary judgment for Defendant Muzyka on the plaintiff's negligence per se claims.**

Violations of Texas Transportation Code Sections 545.060 and 545.062(A) cannot support negligence per se claims against Defendant Muzyka. When a statute includes an ordinary-prudent-person standard, "negligence per se does not apply because the statute does not establish a specific standard of conduct different from the common-law standard of ordinary care." *Salas v. United States*, 667 F. Supp. 3d 380, 387 (W.D. Tex. 2023) (citing *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 456 (Tex. App.—Texarkana 2002, pet. denied)).

The plaintiff alleges that Defendant Muzyka violated Texas Transportation Code Sections 545.060 and 545.062(A). Dkt. No. 1-1 at 10. Section 545.060 of the Texas Transportation Code requires that "(a) an operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely." Tex. Transp. Code Ann. § 545.060. This statute charges a person with the duty to exercise reasonable care to drive within a single lane. The statute does not establish a specific standard of conduct different from the common-law standard of ordinary care. *See State v. Alvarez*, No. 13-14-00061-CR, 2015 WL 4593832, at

*4 (Tex. App.—Corpus Christi July 30, 2015, no pet.) (finding that swerving and failing to drive in a single lane is not a per se violation of any law or evidence that the driver was driving unsafely); *see also Aviles v. State*, 23 S.W.3d 74, 77 (Tex. App.—Houston [14th Dist.] May 18, 2000, no pet.) (finding that a multiple lane change in a single maneuver is not a per se violation of any law citing § 545.060(a))). Similarly, "§ 545.062 incorporate[s] an ordinary negligence standard and cannot be actionable under a negligence per se theory." *Morales v. Manider Singh*, No. 23-CV-00043-DC-DF, 2025 WL 88853, at *5 (W.D. Tex. Jan. 2, 2025), *report and recommendation adopted*, No. 23-CV-00043-DC-DF, 23-CV-00043-DC (W.D. Tex. Jan. 14, 2025).

The plaintiff acknowledges that these sections of the Transportation Code are not actionable under a negligence per se theory. The plaintiff argues instead that the defendants' argument is moot if the Court grants the plaintiff's motion for leave to file her first amended complaint asserting violations of the Federal Motor Carrier Safety Act. Dkt. No. 67 at 18; *see also* Dkt. No., 46-1 at 6–7 (Proposed First Am. Compl.). This argument is unpersuasive for two reasons. First, for the reasons explained in the Court's order, the plaintiff's motion for leave was denied. Dkt. No. 69 (Order Denying Leave to File First Am. Compl.). Second, the plaintiff fails to demonstrate that the Federal Motor Carrier Safety Act applies. *Compare* Dkt. No. 67-4 (showing the sprinter van had a gross vehicle weight of 8550 pounds) *with* 49 C.F.R. § 390.5 (defining a commercial motor vehicle as having a gross vehicle weight of 10,001 or more pounds). The undersigned therefore **RECOMMENDS** that the Court grant summary judgment for Defendant Muzyka on the plaintiff's negligence per se claims.

**D. The Court sustains-in-part the defendants' objections to the plaintiff's summary judgment evidence.**

Finally, the Court **SUSTAINS-IN-PART and OVERRULES-IN-PART** the defendants' objections to the plaintiff's summary judgment evidence. The defendants object to the plaintiff's Exhibits F, G, I, L, M, and N (Dkt. Nos. 67-6, 67-7, 67-9, 67-12, 67-13, & 67-14, respectively) as incompetent summary judgment evidence because these exhibits contain inadmissible hearsay and have not been authenticated. Dkt. No. 70 at 1–2. The defendants request that the Court strike these Exhibits from the summary judgment record. *Id.* The plaintiff did not respond to the defendants' objections. The Court therefore **SUSTAINS** the defendants' objections to Exhibits G, I, L, and N (Dkt. Nos. 67-7, 67-9, 67-12, & 67-14). *See Garcia v. Roy's Trucks & Equip., Inc.*, No. 3:17-cv-0950-C, 2018 WL 6338364, at *3 (N.D. Tex. Aug. 24, 2018) (sustaining objections to summary judgment evidence where the plaintiff offered no response as to why the evidence should not be considered hearsay, despite noting that the business records exception to the hearsay rule likely applied).

The Court, however, **OVERRULES** the defendants' objections to Exhibits F and M (Dkt. Nos. 67-6 & 67-13). Exhibit F is a printout of an entity search for Amload LLC from "sunbiz.org"—an official government website. Exhibit M is a printout of search results for Amload LLC from the United States Department of Transportation. Printouts from government websites are self-authenticating under Rule 902(5) of the Federal Rules of Evidence and satisfy the public records exception to hearsay under Rule 803(8). *Brown v. JNH Invs., Inc.*, No. 4:16-CV-675, 2017 WL 3205716, at *2 (E.D. Tex. July 7, 2017), *report and recommendation adopted*, No. 4:16-CV-675, 2017 WL 3193513 (E.D. Tex. July 27, 2017) (considering a printout of the Texas Secretary of State website as competent summary judgment evidence because

government websites are self-authenticating under Rule 902(5)); *Riverkeeper v. Taylor Energy Co.*, LLC, 113 F. Supp. 3d 870, 881 n.52 (E.D. La. 2015) (collecting cases that held that reports printed directly from government websites satisfy the public records exception to the hearsay rule). The Court will therefore consider Exhibits F and M as part of the summary judgment record.

### III.  CONCLUSION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendants' motion for summary judgment (Dkt. No. 35) be **GRANTED** and judgment be entered against the plaintiff on the following claims:

1. Vicarious liability against Defendant Dulepin;
2. Gross negligence against Defendant Dulepin;
3. Direct negligence against Defendant Dulepin;
4. Gross negligence against Defendant Amload;
5. Direct negligence against Defendant Amload; and
6. Negligence per se against Defendant Muzyka.

### IV.  OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED** this 26th day of June, 2025.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE